IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILIP M. HOPKINS,<br><br>Plaintiff,<br><br>v.<br><br>AIRBORNE EXPRESS, AKA DHL, PHIL RENALDI, JOE EDEL & UNKNOWN INSURANCE COMPANY & et al. UNKNOWN,<br><br>Defendants. | No. 05 C 1622<br><br>HONORABLE DAVID H. COAR |

## MEMORANDUM OPINION AND ORDER

Before this Court is Defendants' DHL Express (USA), Inc., f/k/a Airborne Express, Inc., Phil Renaldi and Joe Edell ("Defendants") motion to dismiss portions of Philip M. Hopkins' ("Plaintiff" or "Hopkins") Complaint. For the reasons set forth below, Defendants' motion to dismiss is GRANTED. Consequently, the Court DISMISSES Plaintiff's: (1) Title VII claims against Renaldi and Edell, in their individual capacities; (2) Fourteenth Amendment claims against all Defendants; and (3) claim arising from the denial of unemployment benefits. However, Plaintiff's Title VII claim against Airborne Express, as well as his breach of collective bargaining agreement claim, will proceed.

-1-

## I. Legal Standard For A Motion To Dismiss

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court "must accept all well pleaded allegations as true. In addition, the Court must view these allegations in the light most favorable to the plaintiff." Gomez v. Illinois State Board of Education, 811 F.2d 1030, 1039 (7th Cir. 1987). A party's claim should only be dismissed if it is clear that no set of facts in support of the claim would entitle the party to relief. Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quoting Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)). Additionally, Hopkins has filed his complaint *pro se,* and when construing a *pro se* complaint, the court must construe the complaint more liberally than a complaint prepared by an attorney. Whitford v. Boglino, 63 F.3d 527, 535 (7th Cir. 1995). However, the complaint must still allege facts that provide an adequate basis for each claim. Gray v. Dane County, 854 F.2d 179, 182 (7th Cir. 1988).

## II. Factual Background

Plaintiff, an African American man, was hired by Defendant DHL Express (USA) ("DHL") on December 15, 1992 as a Driver/Dockworker II. (Compl., ¶ 5, 13). At all relevant times, Phil Renaldi ("Renaldi") and Joe Edell ("Edell") were Plaintiff's supervisors. (Compl., ¶¶ 1, 4). In December 2002, Hopkins attempted to renew his driver's license with Illinois' Secretary of State office. (Compl., ¶ 14). However, Plaintiff was informed that his driving privileges had been suspended. (Id.). Hopkins informed Renaldi, his immediate supervisor, of the driver's license suspension. (Compl., ¶ 15). Renaldi immediately placed Hopkins on "out of service/voluntary leave" status. (Id.). Plaintiff asked Renaldi for time to clear up his suspended

license, while still working on the docks, as the suspended status of his license was in error. (Compl., ¶ 16). However, Renaldi refused Hopkins' request. (Compl., ¶ 16). Plaintiff alleges that Renaldi's refusal of Hopkins' request to continue to work on the docks, despite the suspended license, was discriminatory, because white employees were permitted to work on the docks while correcting problems with their drivers' licenses. (Compl., ¶ 17).

In June 2003, DHL discharged Hopkins for violating the company's "loss of driver's license–leave of absence" policy. (See Def. Ex. A., Aff. of Felicia Tank, ¶ 2). Subsequently, Hopkins applied for unemployment benefits, pursuant to the Illinois Unemployment Insurance Act. (Compl., ¶ 19). Plaintiff was denied unemployment benefits; thereafter, he appealed that decision. (Id.). On September 2, 2003, the Illinois Board of Review denied Plaintiff's appeal. (See Def. Ex. A, Aff. of Felicia Tank, ¶ 2). Plaintiff alleges that he attempted to present to the Illinois Board of Review evidence that the matter concerning his driver's license had been dismissed, and he should have been permitted to drive. (See Compl., ¶ 19, Pl. Ex. B). However, Plaintiff contends that the Illinois Board of Review refused to consider this evidence; Hopkins believes this refusal was based upon his race. (Compl., ¶ 20).

Subsequently, Hopkins filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On December 22, 2004, the EEOC issued a right to sue letter to Plaintiff. (See Pl. Ex. A). In addition, Plaintiff filed a grievance regarding his termination. (See Def. Ex. A; Aff. of Felicia Tank, ¶ 2). On April 15, 2004, the grievance was settled, and Plaintiff was reinstated to his former position. (Id.) Plaintiff remains employed with DHL. (Compl., ¶ 7). On March 21, 2005, Hopkins filed his complaint in this court, which alleges the following claims: (1) a violation of Title VII of the Civil Rights Act of 1964 ("Title

VII"); (2) a violation of the due process clause of the Fourteenth Amendment; (3) denial of his unemployment benefits; and (4) a breach of the collective bargaining agreement.

Plaintiff did not file any response to Defendants' motion to dismiss. Given that the deadline for filing a response was May 6, 2005, and Plaintiff has yet to file a response, or request additional time to file a response, the Court rules on the motion to dismiss based upon the record before it.

## III. Analysis

Defendants present three grounds for the dismissal of portions of Plaintiff's complaint. First, Defendants argue that the Court should dismiss Hopkins' Title VII claim against Defendants Renaldi and Edell, because they cannot be held individually liable. Second, Defendants contend that the Court should dismiss Plaintiff's claim alleging a violation of the due process clause of the Fourteenth Amendment of the United States Constitution. Third, Defendants assert that this Court lacks jurisdiction to adjudicate plaintiff's claim arising from the denial of any unemployment benefits. Each of Defendants' arguments will be addressed in turn.[1]

### A. Can Defendants Renaldi And Edell Be Held Individually Liable?

Defendants contend that pursuant to Title VII, Defendants Renaldi and Edell cannot be held individually liable. The Seventh Circuit has determined that Title VII does not impose liability on individual employees. Gastineau v. Fleet Mortgage Corporation, 137 F.3d 490, 493

---

[1] When filing their Motion to Dismiss on April 8, 2005, Defendants also filed a motion for partial summary judgment. However, in a motion hearing before the Court on April 14, 2005, Defendants withdrew their motion for partial summary judgment. Consequently, Defendant's arguments in support of their motion for partial summary judgment will be not be addressed in this Opinion.

(7th Cir. 1998). Courts do not interpret Title VII as imposing personal liability on agents, but rather invokes the doctrine of *respondeat superior* to make employers responsible for the actions of their agents. Id. The Seventh Circuit has held that Congress did not intend to impose individual liability against an employer's agents. Williams v. Banning, 72 F.3d 552, 553 (7th Cir. 1995) (citing EEOC v. AIC Security Investigations, Ltd., 55 F.3d 1276, 1279-82 (7th Cir. 1995)). Further, the Seventh Circuit has made clear that, "a supervisor does not, in his individual capacity, fall within Title VII's definition of employer." Williams, 72 F.3d at 555.[2] Consequently, because Title VII does not impose liability upon supervisors, the Title VII claims against Renaldi and Edell are dismissed.

### B. Should Plaintiff's Fourteenth Amendment Due Process Claims Be Dismissed?

Defendants contend that because Hopkins fails to (and cannot) allege that Defendants are state actors, or that the Defendants' actions were in any way related to the government, Plaintiff's Fourteenth Amendment due process clause allegations must be dismissed.

The Fourteenth Amendment provides, in pertinent part, "No state shall. . . deprive any person of life, liberty or property without due process of law. " See Hawkins v. National Collegiate Athletic Ass'n, 652 F.Supp. 602, 605 (C.D. Ill. 1987). Consequently, "[t]he Fourteenth Amendment protects. . .only from a deprivation by state action." Tulsa Professional Collections Services, Inc. v. Pope, 485 U.S. 478, 485 (1988). "This principle has become firmly embedded in our constitutional law that the action inhibited by the first section of the

---

[2] See also, Geier v. Medtronic, Inc., 99 F.3d 238, 244 (7th Cir. 1996) ("Roberts, sued in his individual capacity, is merely a supervisor and therefore operates without risk of Title VII personal liability.").

Fourteenth Amendment is only such action as may fairly be said to be that of the state."

Hawkins, 652 F.Supp. at 606 (quoting Shelly v. Kraemer, 334 U.S. 1, 13 (1948)). As such, the Fourteenth Amendment "erects no shield against merely private conduct however discriminatory or wrongful." Hawkins, 652 F.Supp. at 606 (quoting Blum v. Yaretsky. 457 U.S. 991, 1002 (1982)).

The Defendants in this case are all private actors, and have no affiliation with the state. Consequently, Plaintiff cannot bring a Fourteenth Amendment claim for Defendants' purely private conduct. Therefore, Hopkins' Fourteenth Amendment allegations are dismissed, as they fail to state a claim upon which relief can be granted.

### C. Does This Court Have Jurisdiction Over Plaintiff's Claim For Unemployment Benefits?

Defendants contend that pursuant to Illinois' Unemployment Insurance Act, jurisdiction to review the denial of benefits by the Illinois Board of Review does not rest with this Court, but with the Illinois state courts. Hopkins' claim arising from the denial of unemployment benefits is governed by Illinois' Unemployment Insurance Act, 820 ILCS 405/1100. The statute provides, in relevant part:

> Any decision of the Board of Review. . .shall be reviewable only under and in accordance with the provisions of the Administrative Review Law, provided that judicial review thereof shall be permitted only after any party claiming to be aggrieved thereby has exhausted his administrative remedies as provided by this Act.

Id. Pursuant to the Administrative Review Law, "[j]urisdiction to review final administrative decisions is vested in the [Illinois] Circuit Courts. . ." See 735 ILCS 5/3-104; see also Schneider v. County of Will, State of Illinois, 190 F.Supp.2d 1082, 1092 (N.D. Ill. 2002); C.L.U.B. v. City

of Chicago, 157 F.Supp.2d 903, 913 (N.D. Ill. 2001). "The [Administrative] Review Law is a departure from common law, and the parties seeking its application must adhere strictly to its procedures." Fedorev v. Doherty, 711 N.E.2d 1223, 1225 (Ill. App. Ct. 1999) (internal citations omitted). Consequently, this Court cannot review a decision of the Illinois Board of Review, as the power to review those decisions lies with the Illinois state courts. Consequently, Hopkins' claim arising from the denial of unemployment benefits is dismissed. Moreover, because the only allegations involving the defendants captioned as "Unknown Insurance Company & et al. Unknown" arise from this particular claim, those defendants are dismissed.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. Consequently, the Court DISMISSES Plaintiff's: (1) Title VII claims against Renaldi and Edell, in their individual capacities; (2) Fourteenth Amendment claims against all Defendants; and (3) claim arising from the denial of unemployment benefits. However, Plaintiff's Title VII claim against Airborne Express, as well as his breach of collective bargaining agreement claim, will proceed.

Enter:

David H. Coar
United States District Judge

Dated: **June 21, 2005**