IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PHILIP M. HOPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05 C 1622 |
| | ) | Magistrate Judge Nan R. Nolan |
| AIRBORNE EXPRESS a/k/a DHL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This employment discrimination case is before the Court on the parties' Joint Motion for Entry of Agreed Protective Order [43-1]. The parties seek to protect certain categories of information exchanged during discovery from public disclosure. For the reasons stated, the Joint Motion is denied without prejudice.

## DISCUSSION

The Federal Rules of Civil Procedure permit "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). "The Rules do not differentiate between information that is private or intimate and that to which no privacy interests attach." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 30 (1984). "Thus, the Rules often allow extensive intrusion into the affairs of both litigants and third parties." Id. The Supreme Court has noted that the liberal discovery rules "may seriously implicate privacy interests of litigants and third parties." Id. at 34.

"[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 944-45 (7th Cir. 1999). The Seventh Circuit has "insisted that litigation be conducted in

public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." Hicklin Engineering v. Bartell, 2006 WL 399165, *2 (7th Cir. February 22, 2006). In order to protect the legitimate privacy interests of litigants and non-parties during litigation, Federal Rule of Civil Procedure 26(c) allows a court to enter a protective order for good cause shown. Good cause "is difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir. 1987). "[P]ortions of documents that are shown to contain trade secrets, or other information that would cause undue private or public harm if disclosed, as by invading personal privacy gratuitously, may be kept under seal." Smithkline Beecham Corp. v. Pentech Pharmaceuticals, Inc., 261 F.Supp.2d 1002, 1008 (N.D. Ill. 2003) (Posner, J., sitting by designation). A party seeking a protective order must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981).

Protective orders are an important part of the expeditious processing of pretrial discovery. The Seventh Circuit has made clear, however, that a trial judge must make an independent determination of good cause prior to issuing a protective order, even if the parties submit an agreed protective order. "The judge is the primary representative of the public interest in the judicial process" and has an independent duty to balance the public's interest in the proceeding against the "property and privacy interests of the litigants." Citizens, 178 F.3d at 945. Good cause exists "only if the latter interests predominate in the particular case." A court need not determine good cause on a document-by-document basis. Id. at 946. Rather, a court may authorize the parties to restrict public access to properly demarcated categories of legitimately confidential information if the judge

(1) satisfies herself that the parties know what the legitimate categories of protectable information are and are acting in good faith in deciding which parts of the record qualify for protection and (2) makes explicit that either party and any interested member of the public can challenge the designation of particular documents. Id.

The proposed Agreed Protective Order seeks to prohibit public disclosure of the following categories of information: (a) employee earnings information, tax information, beneficiary information, financial information, social security numbers, offer letters with salary information, dismissal letters, performance reviews, and disciplinary documents; (b) non-publicly available documents or information regarding the substance of any current or pending charge or allegation of race discrimination and/or harassment from any current or former employee of DHL and non-public documents or information about the substance of any settled or resolved case, including the terms of any settlement agreement; (c) non-publicly available documents or information relating to DHL's trade secrets, non-public financial information, and DHL's proprietary business and marketing strategies. The parties fail to provide any analysis or authority supporting secrecy for each category of information they seek to protect.

As this Court has frequently commented at status hearings, it takes the Seventh Circuit's limitations on protective orders and its duty to protect the public's right of access to the judicial process very seriously. The Court has repeatedly admonished counsel to review the Seventh Circuit's opinions regarding protective orders, to narrowly define the categories of information they seek to protect from public disclosure, and to explain the specific harm to parties and/or non-parties from public disclosure. All too often this Court's urgings go unheeded. This case is another example of what has been said here. Although some of the above categories are properly defined

as protectable categories (i.e. employee tax information, social security numbers, and beneficiary information), other categories (i.e. non-publicly available documents or information relating to DHL's trade secrets, non-public financial information and DHL's proprietary business and marketing strategies) are too broad to define legitimate categories of documents entitled to confidential status. Documents containing "trade secrets or something comparable whose economic value depends upon its secrecy" are appropriate subjects of a protective order. Baxter Int'l, Inc. v. Abbott Laboratories, 297 F.3d 544, 547 (7th Cir. 2002).[1] DHL has not, however, described any specific category of information which qualifies as a trade secret. It has not explained how disclosure of any category of information its seeks to protect would enable a competitor to obtain economic advantage or value. Nor has it described any efforts made to maintain the confidentiality of any category of information. Without some analysis, the Court cannot satisfy itself that the parties "know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets." Citizens, 178 F.3d at 946. Moreover, it is not enough to state that material is non-public and conclude that it must be kept out of the public record. Union Oil Co. v. Leavell, 220 F.3d 562, 567 (7th Cir. 2000) (stating "[c]alling a settlement agreement confidential does not make it a trade secret any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment (or termination).").

---

[1] Illinois law defines a trade secret as "information, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, that: (1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality." 765 ILCS 1065/2.

Having said all of this and in an effort to balance the valid privacy interests of parties and non-parties with the public's right of access to court proceedings and documents, the Court will handle potential confidential information in this case as follows. The parties may agree amongst themselves (as they have in ¶4 of the proposed Agreed Protective Order) to limit disclosure of unfiled discovery information to certain specified persons during the litigation and not to voluntarily disseminate such information to other persons. See In re Bridgestone/Firestone, Inc. v. Bridgestone/Firestone Inc., et. al., 198 F.R.D. 654, 657 (S.D. Ind. 2001) (noting "[a]ccess to discovery materials when those materials have been presented to the court is one issue and quite another issue when the parties are exchanging the materials amongst themselves."). The Seventh Circuit has recognized that "[a]bsent a protective order, parties to a law suit may disseminate materials obtained during discovery as they see fit." Jepson, Inc. v. Makita Electric Works, Limited, 30 F.3d 854, 858 (7th Cir. 1994). "In other words, if they do not see fit to disseminate discovery information, the parties need not do so." In re Bridgestone/Firestone, Inc., 198 F.R.D. 654, 657 (S.D. Ind. 2001); Baxter, 297 F.3d at 545 (stating "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record"). In this case, a confidentiality agreement amongst the parties regarding the specific categories of information they seek to protect would likely address most of their confidentiality concerns because only a small subset of all discovery is ever filed in the public court record or used during a court proceeding. There is no need for court approval or intervention regarding such an agreement. See Taffinger v. Bethlehem Steel Corp., 2001 WL 1287625, at *3 (E.D. Pa. Oct. 24, 2001) (noting that "the parties have the option of agreeing privately to keep information concerning the Defendant's personnel records confidential, and may enforce such an agreement in a separate contract action."). A confidentiality agreement amongst the parties is

obviously not binding on the Court if, at any future time, a non-party seeks access to and use of unfiled discovery materials. See Wilk v. AMA, 635 F.2d 1295 (7th Cir. 1981); American Telephone and Telegraph Co. v. Grady, 594 F.2d 594 (7th Cir. 1978). The Court will handle any such requests on a case-by-case basis.

With respect to filing documents under seal, the Court will make a good cause determination for filing under seal if and when the parties seek to file documents or information under seal. If a party intends to file a motion or other paper with the Court which contains information designated as confidential by the other party, that party shall give reasonable notice to the designating party. A party seeking to file any document or information under seal or a designating party given notice that the other party intends to file the designating party's confidential information must file and notice a Motion to File Under Seal prior to the due date of the particular filing. The Motion to File Under Seal must demonstrate good cause by including a specific description of each document or categories of documents that party seeks to file under seal and explaining why confidentiality is necessary, including citations to supporting authority. Motions to File Under Seal shall also discuss the relevance of the information to the litigation. Information important to the litigation is less likely to be subject to confidentiality restrictions. See Baxter International, Inc. v. Abbott Laboratories, 297 F.3d 544, 546 (7th Cir. 2002). (stating "very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed."). As the Seventh Circuit has explained, "many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are vital to claims made in litigation they must be revealed." Id. at 547; see also Union Oil v. Leavell, 220 F.3d 562, 567 (7th Cir. 2000) (recognizing that an executive's salary would not be entitled to confidential treatment "if

a dispute erupted about payment (or termination)."). Finally, the Court will not approve the filing of entire pleadings or briefs under seal. See Pepsico, Inc. v. Redmond, 46 F.3d 29 (7th Cir. 1995) and In the Matter of Grand Jury, 983 F.2d 74 (7th Cir. 1992). Parties must file public pleadings and briefs but may file sealed supplements if necessary to discuss in detail confidential materials, if the Court approves the filing of a sealed supplement.

## **CONCLUSION**

For these reasons, the parties' Joint Motion for Entry of Agreed Protective Order [43-1] is denied without prejudice.

**E N T E R:**

**Nan R. Nolan**
**United States Magistrate Judge**

**Dated: March 29, 2006**